IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY S. GUNDERSEN,            )
                                 )
                    Petitioner,  )
                                 )
v.                               )    Case No. 25-3009-JWL
                                 )
C. CARTER, Warden, FCI-Leavenworth, )
                                 )
                    Respondent.  )
                                 )
_____)

# MEMORANDUM AND ORDER

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges the denial of certain First Step Act (FSA) credits against his sentence. For the reasons set forth herein, the Court **denies** the petition. Petitioner's motion to proceed without prepayment of the filing fee (Doc. # 3) is hereby **granted**.

At the time he filed his petition, petitioner was in custody at FCI Leavenworth, in this judicial district, serving a sentence imposed after a federal firearm-possession conviction. Petitioner claims that the Bureau of Prisons (BOP) has wrongfully refused to apply FSA credits that he has earned. Petitioner, whose projected release date is June 13, 2025, has now been transferred to a residential reentry center (RRC), and he requests that the credits be applied to his time in supervised release because of the BOP's delays in responding to his administrative appeals. Respondent has filed an answer, but petitioner

has not filed a traverse or reply brief by his due date of March 17, 2025.[1]  The matter is therefore ripe for ruling.

Petitioner states in a brief in support of his petition that the BOP denied application of his earned FSA credits because of his medium score on the BOP's assessment of his risk of recidivism, but he does not explain how a denial on that basis violates the law.  In fact, the relevant statute provides that earned FSA credits are to be applied to time in prerelease custody only if the prisoner has been determined to be a minimum or low risk to recidivate pursuant to the last two assessments or if the warden has approved a petition from the prisoner.  *See* 28 U.S.C. § 3624(g)(1)(D).  Petitioner concedes that he has not achieved the requisite low or minimum recidivism risk score (he claims a medium score; respondent provides evidence of a high score); and petitioner has not shown that the warden approved a petition to apply the credits nonetheless.  Accordingly, petitioner has not shown that the BOP's refusal to apply his earned FSA credits violated any law.[2]

Petitioner does state in his brief that the BOP should be required to consider applying his credits to his period of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  That provision allows a sentencing court to terminate or modify a period of supervised

---

[1] The Court's previous order, by which it set this deadline, was mailed to petitioner at the address contained in the petition, but it was returned and then remailed to an RRC at an address provided by the BOP.  Petitioner has not notified the Court of any change of address, as required by D. Kan. Rule 5.1(c)(3).

[2] Petitioner cites this Court's opinion in *Woodley v. Warden, USP Leavenworth*, 2024 WL 2260904 (D. Kan. May 15, 2024) (Lungstrum, J.), but he appears to do so in the context of arguing that he has exhausted his administrative remedies.  That case does not support his claim on the merits, as the petitioner in that case had met the benchmarks concerning the risk of recidivism required for transfer to prerelease custody.  *See id.* at *3.

release imposed by that court. *See id.* Petitioner is free, of course, to seek such relief from his sentencing court, the United States District Court for the Southern District of Iowa; but there is no basis to require the BOP to seek such relief on his behalf. Moreover, this Court, as the habeas court, is prohibited from modifying a term of supervised release to make up for a too-long prison sentence. *See Rhodes v. Judiscak*, 676 F.3d 931, 933-34 (10th Cir. 2012). Accordingly, the Court denies the petition.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FUTHER ORDERED BY THE COURT THAT petitioner's motion to proceed without payment of the filing fee (Doc. # 3) is hereby **granted**.

IT IS SO ORDERED.

Dated this 9th day of April, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge